**LUTMAN, In the Matter of: Habeas Corpus, Petitioner.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3619.   Decided October 16, 1953.

Morris Mendelssohn, Youngstown, for petitioner-appellant.
William A. Ambrose, Pros. Atty., Harold H. Hull, Asst. Pros.
Atty., Youngstown, for appellee.

## OPINION

By PHILLIPS, J.

Petitioner was taken into custody by the Sheriff of Mahoning County on a warrant of extradition issued by the Governor of the State of Ohio, which was based on a warrant of extradiction issued by the Governor of the State of New Jersey for the petitioner, in which state he was charged with the crime of desertion and non-support.

At the conclusion of an action in habeas corpus filed in the court of common pleas the trial judge said, and entered judgment accordingly:—

"The Court: Let the record show the applicant present in court with his counsel and the court now proceeds to dismiss the application for habeas corpus for the reason that the documents are in order from the State of New Jersey and from the Governor of Ohio and the charge is a charge under the law of New Jersey and the law of Ohio is not in conflict therewith and this court cannot inquire into the guilt or innocence of the applicant under the New Jersey law. The petition is dismissed and the petitioner is ordered delivered to the officer from New Jersey for transportation to the State of New Jersey. Exceptions to the petitioner."

Petitioner appealed to this court from the judgment of the trial court on questions of law and fact. Since the appeal is not filed properly on questions of law and fact the words "and fact" were stricken from the notice of appeal and the appeal was retained, argued, submitted, and will be determined as one on questions of law.

The evidence discloses that petitioner, a cantor in a Jewish Synagogue at Woonsocket, Rhode Island, left that city, took his wife and child with him to the home of her parents in New Jersey, and thereafter on April 30, 1953, left for Youngstown, Ohio, leaving his wife and child at her parents home.

"Scope of Inquiry. The courts have no larger powers than the governor in extradition proceedings. They cannot try the question of whether or not the accused is guilty but can only pass on the questions as to whether or not a crime is charged under the laws of the demanding state, whether or not the identity of the accused is established, whether or not the accused is a fugitive from justice, and that the demand for extradition is made in good faith. The judge can and must hear testimony and determine whether the person in charge of the sheriff is or is not the person described in the warrant of the governor.

"The court starts with the presumption that the governor, in issuing the extradition warrant, found the necessary condi-

tions; unless the evidence is sufficient to overcome this presumption the governor's action will not be disturbed, and the court finds there is not sufficient evidence to the contrary in the record to overcome this presumption." **18 O. Jur., Section 30, Page 957.**

The finding, statement and judgment of the trial court are supported by the law and the evidence.

Finding no error prejudicial to defendant in any of the respects urged the judgment of the court of common pleas is affirmed.

GRIFFITH, PJ, NICHOLS, J, concur.